UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA RUDISILL ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| VALENTINE & KEBARTAS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Tina Rudisill by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Tina Rudisill, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant transacts business here and Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Tina Rudisill ("Plaintiff") is an adult natural person residing at 9884 Stoneybrook Drive, York, PA 17401. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Valentine & Kebartas, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Massachusetts and the Commonwealth of Pennsylvania with a principal place of business located at 15 Union Street, Lawrence, Massachusetts 01840.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around April 5, 2010, Plaintiff was informed by her neighbor that a call was received by her from Defendant's agent, "Kim Woods", who said that she was looking for Plaintiff's whereabouts on an important matter.

8. Plaintiff's neighbor (Cheryl) had been falsely led to believe by Defendant's agent, "Kim Woods", that she was a "co-worker" of the Plaintiff.

9. Defendant left contact information with Plaintiff's neighbor and asked her to have Tina give her a call back.

10. Plaintiff called back the contact information that she was given and it was to the Defendant who told her that they were collecting on a debt allegedly owed to Chase.

11. Around this same time, Plaintiff's mother-in-law also started receiving calls from Defendant looking for her whereabouts.

12. Plaintiff's mother-in-law was erroneously told that they were looking for her in regards to a job she had applied for and that they could not reach her.

13. On or about April 7, 2010, and after Plaintiff had personal contact with the Defendant, Plaintiff's neighbor (Cheryl) received a second phone call from the Defendant.

14. The neighbor was again told it was from a "co-worker".

15. Plaintiff states that her co-workers know exactly how to contact her and would never place calls to her neighbors.

16. On or about April 14, 2010, Plaintiff's husband, Scott, received a call from Defendant's agent "Kim Woods" to his place of employment.

17. Scott informed the agent that he could not receive these kinds of calls at work and asked her not to call again.

18. Defendant's agent, "Kim Woods", insisted that she could call anytime and anywhere she wanted to find a way to get paid.

19. Plaintiff's husband, Scott was encouraged by Defendant's agent, "Kim Woods", to use a line of credit to pay off the debt.

20. Agent went on to say that the lines of credit would be considered collateral anyway and they would go after it if the debt remained unpaid.

21. Plaintiff's husband, Scott asked Defendants agent, "Kim Woods", again not to call him at work to discuss this matter.

22. Defendant's agent, "Kim Woods", stated that she didn't care and that she would continue to call.

23. On or about April 28, 2010, Plaintiff's mother-in-law received another call to her home.

24. When Plaintiff's mother-in-law asked why Defendant was calling again, Defendant's agent just said that no one had answered at the Plaintiff's house.

25. As of the filing of this complaint, Plaintiff continues to get calls every day collecting on the above referenced debt.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

>   §§ 1692b(2)          Contac of Third Party: Stated that the consumer owes any debt
>
>   §§ 1692b(3)          Contact of Third Party: Contacted a person more than once, unless requested to do so

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual place, unusual time, unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692(a)(3) | At place of employment when it knows that the employer prohibits such communication |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Valentine & Kebartas, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

36. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

37. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

38. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

40. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

41. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

42. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

### COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

43. The foregoing paragraphs are incorporated herein by reference.

44. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

45. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

47. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

48. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

d.  An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**
                                      **WARREN & VULLINGS, LLP**

**Date: May 10, 2010**                BY: **/s/ Brent F. Vullings**

                                      Brent F. Vullings, Esquire
                                      Warren & Vullings, LLP
                                      1603 Rhawn Street
                                      Philadelphia, PA  19111
                                      215-745-9800   Fax 215-745-7880
                                      Attorney for Plaintiff